Filed 7/30/25  P. v. Murray CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY MURRAY,<br><br>    Defendant and Appellant. | 2d Crim. No. B343647<br>(Super. Ct. No. SA054078)<br>(Los Angeles County) |

Gary Murray appeals from the trial court's order denying his petition for recall and resentencing pursuant to Penal Code, section 1171.[1]  We dismiss the appeal because the trial court's order is not appealable.

*Procedural Background*

In 2005, appellant was convicted by jury of four counts of robbery (§ 211).  The trial court found true that appellant suffered three prior robbery convictions.  (§§ 1170.12, subds. (a)-(d), 667, subd. (a)(1).)  Appellant was sentenced to an aggregate

_____

1 All further statutory references are to the Penal Code.

term of 110 years to life in state prison.  The sentence was comprised of four consecutive terms of 25 years to life for the robberies plus 10 years for two prior serious felony convictions. We affirmed the judgment but modified the sentence.  (*People v. Murray* (Oct. 30, 2006, B185620) [nonpub. opn.].)

In January 2025, appellant filed a Request for Recall of Sentence and Resentencing, in propria persona, pursuant to Assembly Bill No. 2483 and section 1171.  The trial court summarily denied the request indicating that "[appellant's] case is final."

*Discussion*

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216.  Because the instant appeal is not from appellant's conviction, he is not entitled to our independent review of the record.  He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232.)

In his supplemental brief, appellant asserts that section "1237 permits an appeal on 'any' ruling by the trial court."  Based on this logic, he contends that "[w]hen the trial court affirmatively denied [his] petition[,] it has in effect made a ruling and in doing so the court's ruling qualifies as appealable." Appellant is mistaken.

"'It is settled that the right to appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.'"  (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Section 1237, subdivision (b) provides that an order after a

2

judgment in a criminal case is appealable if it affects "the substantial rights of the party." (*Ibid.*)

Appellate courts have considered similar orders nonappealable pursuant to section 1237, subdivision (b). (See, e.g., *People v. Hodge* (2024) 107 Cal.App.5th 985, 991, 996 [trial court's order declining to act on section 1172.1 petition for resentencing not appealable]; accord, *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-693.) We agree with these cases and conclude the trial court's order here is not appealable.

As such, appellant's various other contentions challenging his sentence and asserting that "the trial court misunderstood its discretion in the postconviction proceeding" are without merit.[2] Accordingly, we dismiss the appeal.

*Disposition*

The appeal is dismissed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

---

[2] Appellant's contentions in his supplemental brief are also duplicative of those raised and rejected in numerous prior habeas petitions and motions.

3

Lauren Weis Birnstein, Judge
Superior Court County of Los Angeles

_____


A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.